UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL E. CARPENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE AND THE ) | |
| OFFICE OF THE UNITED STATES ) | |
| ATTORNEY FOR THE DISTRICT OF ) | |
| MASSACHUSETTS, ) | |
| ) | |
| Defendants. ) | |
| ) | JANUARY 28, 2005 |

## COMPLAINT

1.      Plaintiff Daniel E. Carpenter brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 et seq., as amended, to enjoin the Department of Justice and the Office of the United States Attorney for the District of Massachusetts ("OUSA-Mass.") from improperly withholding agency records requested by the plaintiff and to produce such records promptly.

2.      Upon information and belief, there exists good reason to believe that the defendants are in possession of the requested documents.

## PARTIES

3.      Plaintiff Daniel E. Carpenter is an individual with a principal place of business at 100 Grist Mill Road, Simsbury, Connecticut.

CTDOCS:13446.1

4.   OUSA-Mass. is a federal agency within the meaning of 5 U.S.C. §552(f) and is a division of defendant United States Department of Justice ("DOJ"), also a federal agency within the meaning of 5 U.S.C. §552(f).

### JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §701-06, and 28 U.S.C. §1331.

6.   Venue in the District of Connecticut is proper under 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1391(e).

### FACTS

7.   On August 18, 2004, plaintiff Daniel E. Carpenter, through his counsel, sent a letter to the Hon. Michael J. Sullivan, U.S. Attorney for the District of Massachusetts, at the Boston, Massachusetts Office of the U.S. Attorney, a copy of which is attached as **Exhibit A**, requesting the disclosure of the following records:

   a.   All documents, correspondence, records or files provided by or obtained from John J. Koresko, V, Esq. that refer to, relate to, or reflect (a) Daniel E. Carpenter; (b) Benistar Property Exchange Trust Co., Inc.; (c) Benistar, Ltd.; (d) Benistar 419 Plan Services, Inc.; (e) Benistar 419 Plan; (f) Benistar Admin Services Inc.; (g) the investigation leading to United States v. Carpenter, Criminal No. 04-10029-GAO; or (h) the case itself after the indictment issued.

   b.   All documents that refer to, relate to, or reflect any conversation with John J. Koresko, V, Esq.

8.   On or about September 23, 2004, after no response had been received from OUSA-Mass., plaintiff's counsel contacted Mary Ellen Barrett, the individual at OUSA-Mass. responsible for Freedom of Information requests, who said that a notarized authorization was required from Mr. Carpenter before the appropriate files could be

reviewed in response to the FOIA request. Ms. Barrett also indicated that the original request had been sent to the DOJ in Washington, D.C. She agreed to forward the requested authorization to the appropriate person handling the plaintiff's FOIA request at the DOJ.

9. On September 23, 2004, plaintiff's counsel sent a cover letter and Mr. Carpenter's notarized authorization to Ms. Barrett via facsimile.

10. On September 24, 2004, plaintiff's counsel mailed Ms. Barrett a cover letter and an original of Mr. Carpenter's notarized authorization.

11. On October 13, 2004, plaintiff's counsel received a notice from Marie O'Rourke, Assistant Director of the Freedom of Information/Privacy Act Unit of DOJ, stating that the plaintiff's FOIA request had been received and assigned Request Number 04-3583. The subject of the request was designated as "Benistar Companies."

12. On October 15, 2004, plaintiff's counsel received a different notice from Ms. O'Rourke stating that the plaintiff's FOIA request had been received on September 21, 2004 and was assigned Request Number 04-3582. The subject of the request was designated as "Daniel Carpenter." The notice stated that the request could not be processed without notarized authorization.

13. On October 20, 2004, plaintiff's counsel sent a letter to Ms. O'Rourke indicating that a notarized authorization from Mr. Carpenter had previously been provided and requesting to be informed if the authorization was in any way deficient. The authorization and related prior correspondence were transmitted with this letter. Plaintiff's counsel also expressed frustration with the FOIA process, noting that 38 days

had passed since plaintiff's original FOIA request and defendants had failed to produce the requested documents.

14. After receiving no information on the status of plaintiff's FOIA request, on November 23, 2004, plaintiff's counsel contacted Shirley Botts, an employee of the DOJ Freedom of Information/Privacy Act Unit, to inquire as to when the requested documents would be made available. Ms. Botts informed plaintiff's counsel that due to the need for authorization from Mr. Carpenter, the original FOIA request had been bifurcated. She further stated that the portion of the request regarding Benistar Companies, Request Number 04-3583, had been forwarded to OUSA-Mass., while the portion of the request regarding Mr. Carpenter, Request Number 04-3582, had been closed due to the absence of the required authorization. Plaintiff's counsel directed Ms. Botts to the authorization that was provided on September 23, 2004. Ms. Botts then agreed that the appropriate authorization had been provided and said she would inquire into reopening the request.

15. Despite leaving several messages with DOJ, plaintiff's counsel did not hear anything further until receiving a letter from Ms. O'Rourke dated December 15, 2004 indicating that a FOIA request had been received regarding "Daniel Carpenter/DMA" and that the request had been assigned number 04-4511. Attached to this letter was a second page stating, "Note: Your request for records on Daniel Carpenter is being expedited. We are sorry for the delay. We can not guarantee that records will be released within the statutory time limits."

16. As of the date of this Complaint, however, neither plaintiff nor his counsel have received any statement or determination as to whether records will be provided in

response to the Freedom of Information Request of August 18, 2004, despite the passage of over five months since the request was initially made.

17.     In unrelated civil litigation, John Koresko, V, Esq. has filed papers indicating communications he has had with Michael Pineault, Esq., an Assistant U.S. Attorney in OUSA-Mass., concerning United States v. Carpenter, Criminal No. 04-10029-GAO, the criminal case that Attorney Pineault investigated, in which he is serving as lead counsel in the prosecution of Mr. Carpenter, and which is scheduled to commence trial on April 4, 2005.

18.     On information and belief, Attorney Koresko sent documents concerning the civil litigation to Attorney Pineault, who, in turn, sent Attorney Koresko a copy of the indictment.

19.     Pursuant to 5 U.S.C. §552(a)(3)(A), "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."

20.     Pursuant to 5 U.S.C. §552(a)(6)(A)(i), "[e]ach agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall – (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination . . . ."

21. Defendants have asserted no statutory basis for withholding any of the records requested by the plaintiff and are improperly withholding the records requested by the plaintiff.

22. There is a strong public interest in the disclosure of the records requested by the plaintiff.

23. Pursuant to 5 U.S.C. §552(a)(6)(C)(i), "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."

24. Because the defendants have not provided the plaintiff with a determination on his Freedom of Information Request in over five months, the plaintiff has exhausted his administrative remedies.

**FIRST CLAIM FOR RELIEF (Violation of FOIA)**

25. Plaintiff repeats and realleges each and every allegation set forth in the previous paragraphs.

26. Plaintiff has a legal right under FOIA to obtain the agency records he requested on August 18, 2004, and there exists no legal basis for defendants' failure to make available such records.

27. Defendants' failure to make promptly available the records requested by the plaintiff violates FOIA, 5 U.S.C. §§ 552(a)(3)(A) and 552(a)(6)(A)(i), and applicable regulations promulgated thereunder.

28. Defendants have wrongfully withheld the records requested by the plaintiff.

29.     Defendants' refusal to release responsive documents that are believed to be within their custody and control constitutes an abuse of the federal agencies' discretion.

30.     Under these circumstances, the documents requested by the plaintiff must be made available to him immediately under 5 U.S.C. §552(a)(3).

**WHEREFORE**, plaintiff requests the Court award him the following relief:

1.      Declare that defendants violated FOIA;

2.      Order defendants to immediately disclose the requested records in their entireties and to make copies available to the plaintiff;

3.      Award plaintiff his reasonable costs and attorney's fees;

4.      Expedite this action pursuant to 28 U.S.C. §1657(a); and

5.      Grant such other relief as the Court may deem just and proper.

                        PLAINTIFF,
                        DANIEL E. CARPENTER


                    By: _____
                        RICHARD S. ORDER, ESQ. (ct02761)
                        ERIN M. BOGGS, ESQ. (ct22989)
                        Axinn, Veltrop & Harkrider LLP
                        90 State House Square
                        Hartford, CT  06103
                        Telephone:   (860) 275-8100
                        Facsimile:   (860) 275-8101
                        Email:       rso@avhlaw.com

# EXHIBIT A

# EXHIBIT A

# AXINN, VELTROP & HARKRIDER LLP

RICHARD S. ORDER
(860) 275-8140
RSO@AVHLAW.COM

90 STATE HOUSE SQUARE
HARTFORD, CONNECTICUT 06103-3702

TEL: (860) 275-8100
FAX: (860) 275-8101

1370 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
TEL: (212) 728-2200
FAX: (212) 728-2201

1801 K STREET, NW, SUITE 411
WASHINGTON, D.C. 20006
TEL: (202) 912-4700
FAX: (202) 912-4701

August 18, 2004

VIA FACSIMILE (617-748-3965) AND FIRST-CLASS MAIL

Hon. Michael J. Sullivan
U.S. Attorney for the District of Massachusetts
United States Courthouse, Suite 9200
One Courthouse Way
Boston, MA 02210

Re:   Freedom of Information Request

Dear United States Attorney Sullivan:

This letter constitutes a request under the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"). Pursuant to FOIA, we hereby request a copy of:

1. All documents, correspondence, records, or files provided by or obtained from John J. Koresko, V, Esq. that refer to, relate to, or reflect (a) Daniel E. Carpenter; (b) Benistar Property Exchange Trust Co., Inc.; (c) Benistar, Ltd.; (d) Benistar 419 Plan Services, Inc.; (e) Benistar 419 Plan; (f) Benistar Admin Services, Inc.; (g) the investigation leading to United States v. Carpenter, Criminal No. 04-10029-GAO; or (h) the case itself after the indictment issued.

2. All documents that refer to, relate to, or reflect any conversation with John J. Koresko, V, Esq.

We look forward to your timely response within 20 business days as required by 5 U.S.C. § 552(a)(6)(A)(i).

Sincerely,

Richard S. Order •

RSO/pas

CTDOCS:12380.1